FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 23 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 
| Plaintiff, | |
| RANGER TOOL & DIE, INC. | |
| Defendant. | |

3:22-cv-247-DPM

CIVIL ACTION NO.

COMPLAINT

**JURY TRIAL DEMAND**

This case assigned to District Judge Marshall
and to Magistrate Judge Volpe

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a to correct unlawful employment practices on the basis of sex (female) and retaliation and to provide appropriate relief to Debra and Hannah Simpkins and to Collin Sellers who were adversely affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission (Commission) alleges that Ranger Tool & Die, Inc. subjected Debra and Hannah Simpkins to unlawful sexual harassment and a hostile work environment based on sex (female) and further subjected them and Collin Sellers to retaliation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted under Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and under Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission is the agency of the United States charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and(3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. At all relevant times, Defendant Employer Ranger Tool & Die, Inc., (Ranger or Defendant Employer) has continuously been doing business in the State of Arkansas and employing at least 15 employees.

5. At all relevant times, Ranger has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than 30 days before the institution of this lawsuit, Debra Simpkins, Hannah Simpkins, and Collin Sellers filed Charges of Discrimination with the Commission alleging violations of Title VII by Ranger.

7. On June 23, 2022, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Defendant Employer violated Title VII and invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant Employer to provide Defendant Employer with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

10. On August 12, 2022, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

## SEXUAL HARASSMENT CLAIMS

12. Since at least May 2021, Defendant Employer has engaged in unlawful employment practices at its Jonesboro, Arkansas location in violation of Section 703(a) of Title VII, 42 U.S.C. 2000(e)-2(a).

13. The unlawful employment practices include subjecting Debra Simpkins and Hannah Simpkins, both former employees, to unwelcome sexual harassment.

   a. Ranger is a building materials and supplies dealer primarily offering tool and die stamping to industrial customers and providing parts to local manufacturing facilities in the Paragould and Jonesboro, Arkansas areas.

   b. Ranger has two locations, one in Paragould, Arkansas, and the other in Jonesboro, Arkansas.

   c. Ranger is owned by John Wallace, and his wife acts as the office manager at the Paragould location.

   d. The Title VII violations all occurred at the Jonesboro location.

e.  On or about May 24, 2021, People Source, a staffing agency, assigned Debra Simpkins (Debra) to Ranger's Jonesboro location to work as a wirer.

f.  On or about June 2021, Ranger hired Hannah Simpkins (Hannah) as a wirer at its Jonesboro location.

g.  Defendant Employer allowed a lead to subject Debra and Hannah to daily sexual harassment, including but not limited to, the following:

- Daily sexual comments,
- Daily discussions of the proper way to perform oral sex,
- Males overtly grabbing the breasts of a female employee,
- Males pulling a female's head to their crotches,
- Males overtly rubbing female crotches,
- Males overtly rubbing their own crotches,
- Males telling females they wanted to mount them when they bent over to wire.

h.  Debra complained to site manager Charles Hinson three to four times over the course of her employment, but the sexual harassment did not end.

i.  Debra also complained to Owner John Wallace about the sexual harassment and sexually hostile work environment.

j  On Friday, July 23, 2021 Hannah complained to Manager Charles Taylor (Taylor) about the sexual harassment in the workplace and told him she did not know if she could continue to work with Nick Jones, the main harasser and instigator.

k.  Taylor indicated he would handle the situation with Jones, and he told Hannah to come to work the next day (Saturday) to see if she thought the work environment had improved.

l.  Hannah also complained to Linda Wallace, office manager and wife of Owner John Wallace.

m.  Rather than allowing Hannah to report to work on Saturday, Owner Wallace terminated Hannah on Friday, July 23, 2021.

4

n.  Following Hannah's termination, on July 23, 2021, Debra sent Owner Wallace a text questioning her daughter's termination.

o.  Debra also sent a second text on July 23, 2021 to Owner Wallace reminding him that he had promised to stop the sexual harassment and sexually hostile work environment at the Jonesboro location.

p.  During all relevant times, Ranger did not have a sexual harassment policy.

q.  The sexual harassment experienced by Debra and Hannah was not welcome.

r.  The sexual harassment experienced by Debra and Hannah unreasonably interfered with the performance of their work.

s.  The unwelcome harassment was severe and/or pervasive and altered the conditions of Debra's and Hannah's employment by creating a hostile work environment.

14. The effect of the practices complained of in Paragraph 13 above has been to deprive Debra and Hannah of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

15. The unlawful employment practices complained of in Paragraph 13 above were and are intentional.

16. The unlawful employment practices complained of in Paragraph 13 above were done with malice and/or with reckless indifference to the federally protected rights of Debra and Hannah.

### RETALIATION CLAIMS

17. Since at least July 2021, Defendant Employer has engaged in unlawful employment practices at its Jonesboro, Arkansas location in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and Title I of the Civil Rights Act of 1991.

18. The unlawful employment practices include retaliating against Debra Simpkins, Hannah Simpkins, and Collin Sellers after they engaged in protected activity.

a. The Commission repeats verbatim the allegations in Paragraph 13a through 13s.

b. On July 23, 2021, Hannah complained to a manager about sexual harassment and a sexually hostile work environment.

c. Hannah engaged in protected conduct when she opposed the sexual harassment and sexually hostile work environment and complained to the manager.

d. Ranger terminated Hannah's employment the same day of her complaint.

e. Following Hannah's termination, on July 23, 2021, Debra contacted Owner Wallace and asked him why he had terminated Hannah. Debra also reminded Owner Wallace that she (Debra) had previously complained about the sexual harassment and sexually hostile work environment and that he had promised to stop it.

f. Debra expressed her opposition to Owner Wallace's firing of Hannah because Hannah had complained of sexual harassment and a sexually hostile work environment.

g. Debra engaged in protected conduct when she opposed the firing of Hannah because of Hannah's complaint of sexual harassment and a sexually hostile work environment.

h. Owner Wallace responded to Debra's texts that same day and told her she was no longer needed.

i. Collin Sellers, a newly hired employee, sent Owner Wallace a text on July 24, 2021, asking him why he had terminated Debra and Hannah for their complaints of sexual harassment.

j. By his text to Owner Wallace, Sellers was expressing his opposition to the terminations of Debra and Hannah.

k. Sellers engaged in protected conduct when he opposed the firing of Hannah and Debra because of Hannah's complaint of sexual harassment and a sexually hostile work environment.

l. Owner Wallace responded to Sellers' text by terminating Sellers' employment.

m. Ranger never investigated the claims of sexual harassment and a sexually hostile work environment made by Hannah.

19. The effect of the practices complained of in Paragraph 18 above has been to deprive Debra Simpkins, Hannah Simpkins, and Collin Sellers of equal employment opportunities and otherwise adversely affect their status as employees because they engaged in protected activity.

20. The unlawful employment practices complained of in Paragraph 18 above were and are intentional.

21. The unlawful employment practices complained of in Paragraph 18 above were done with malice and/or with reckless indifference to the federally protected rights of Debra Simpkins, Hannah Simpkins, and Collin Sellers.

## PRAYER FOR RELIEF

The Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in acts of sex discrimination and retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in protected activity and eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Debra Simpkins, Hannah Simpkins, and Collin Sellers by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant Employer to make whole Debra Simpkins, Hannah Simpkins, and Collin Sellers by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including past and future out-of-pocket losses, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Debra Simpkins, Hannah Simpkins, and Collin Sellers by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Debra Simpkins, Hannah Simpkins, and Collin Sellers punitive damages for their malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court considers necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 23rd day of September 2022.

**GWENDOLYN YOUNG REAMS**
Acting General Counsel

**CHRISTOPHER LAGE**
Deputy General Counsel

*/s/ Faye A. Williams*
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

*/s/Amy Black*
**AMY BLACK**
Assistant Regional Attorney
TN Bar No. 016102


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 900
Memphis, TN 38104
Telephone (901) 685-4609
Telephone (901) 685-4606
faye.williams@eeoc.gov
amy.black@eeoc.gov

*/s/ Kat Hodge*
**KAT HODGE**
Supervisory Trial Attorney
AR Bar No. 2003100

PAMELA B. DIXON
Senior Trial Attorney
AR Bar No. 95085

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana St., Suite 200
Little Rock, AR 72201
Telephone (501) 900-6145
Telephone (901) 685-4645
katina.hodge@eeoc.gov
pamela.dixon@eeoc.gov

Attorneys for Plaintiff EEOC

9