# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**                                                **PLAINTIFF**

v.                                        No. 3:22-cv-247-DPM

**RANGER TOOL & DIE, INC.**                                              **DEFENDANTS**

### PROTECTIVE ORDER

**1.** This Protective Order shall govern the designation and handling of all confidential documents and information produced in this action by any party, non-party, person or entity.

**2.** This Protective Order shall govern all materials deemed to be "Confidential Information."

**3.** The Parties agree to designate materials confidential that are not generally known to the public and are protected by law, after a bona fide determination made in good faith, including:

   a. Employment records or information, including medical information relating to employees or former employees;

   b. In addition, the Parties may be required to produce, if the discovery extends further, identifying information (e.g. social security number, date of birth, or information on an individual's compensation) and the parties may designate such information as confidential;

    c. Confidential Documents may include information of whatever kind, including, but not limited to, written information and information otherwise recorded on any medium, including, without limitation, paper, photographs, recordings, and electronic, optical, and magnetic disks and files;

    d. Information prohibited from disclosure by statute;

    e. Tax, banking, and financial records;

    f. Trade secrets;

    g. Confidential and proprietary business information the disclosure of which is likely to result in competitive harm.; and,

    h. Any documents produced by a non-party in this action, under subpoena or otherwise, designated by the non-party, any party, or counsel for any party as Confidential Documents under the terms of this Order.

The parties reserve the right to agree that this Protective Order covers additional documents or to seek an Amended or Supplemental Order concerning any documents not currently designated as confidential.

    **4.** Material that a party deems confidential shall be disclosed only to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before receipt

of any of the information, except as required by the Federal Records Act, 44 U.S.C. § 3301 et seq., the National Archives and Records Administration Act 44 U.S.C. § 2101 et seq., and EEOC Order 201.001:

    a. The named parties to the litigation;

    b. Counsel of record for the parties, including counsel for the Plaintiff, responsible for the Litigation;

    c. Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of, or with counsel who are actively engaged in assisting such counsel in this action;

    d. Any other person or entity as to whom counsel for the producer or provider of the Confidential Information agree in writing or on the record, or whom the Court directs shall have access to such information; and

    e. During depositions in this action, any person identified as an author of a designated document, or any person who received or otherwise possessed a copy of such document before its production in this action.

**5.** Non-party witnesses and third parties must sign the Agreement to be Bound by Protective Order attached as Exhibit A prior to being provided any confidential information. Any court and its staff working on this case may also review Confidential Information.

6. Documents or information produced by the parties to which this Order is applicable shall be stamped or marked "CONFIDENTIAL." This designation reflects a good faith determination by counsel that the material falls within the definition of Confidential Information under this Agreed Protective Order. Neither party shall construe the production of Confidential Information as an admission or agreement that any specific information is or is not subject to discovery or admissible in evidence. Nothing in this Agreed Protective Order requires the production of any document or things or constitutes a waiver of objections to the discoverability of any documents or things.

7. The inadvertent, unintentional, or *in camera* disclosure, without designation as confidential, of information or a document intended to be designated or that should have been designated as confidential shall not waive the right to designate the document or information. Any information or documentation that is inadvertently or unintentionally not designated as confidential when produced shall be treated as confidential under this Order upon the written request of the producing party.

8. A party may designate any deposition testimony as "CONFIDENTIAL" in whole or in part, within thirty days after receipt of the written transcript. Until that time, counsel shall treat all

deposition testimony as confidential to permit counsel an opportunity to designate the deposition testimony as confidential.

9. If a party receives documents pursuant to a subpoena duces tecum or voluntarily from a third party, that party shall treat the documents as confidential under this Protective Order for fourteen days after they are served or provided to the opposing parties in order to give those parties an opportunity to designate them as "CONFIDENTIAL."

10. Counsel should confer in good faith in person before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after this objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute." The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint

report's filing.  The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

    **11.**    Subject to the Federal Rules of Evidence, a party may offer any confidential information or documents in evidence at trial or any Court hearing or in support of, or opposition to, a motion.  Any party may move the Court to prevent unnecessary disclosure of confidential information and documents.

    **12.**    The parties must comply with FED. R. CIV. P. 5.2's mandate for redaction, if practicable, before any filing under seal.  If an entire page contains information designated as "CONFIDENTIAL," substituting a page marked "Redacted" is an acceptable redaction method.  If redaction is impracticable, a party must move for permission to file any information designated as "CONFIDENTIAL" and any related motion, brief, or paper containing that material under seal.  The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

    **13.**    Nothing in this Protective Order shall restrict use by a producing party of its own confidential information or documents.

    **14.**    The parties may use the information and documentation covered under this Protective Order only for purposes of this litigation.  No individual shall disclose any of the documents or information to any other individual, directly or indirectly, except as authorized by this

Protective Order. No individual shall use any of the information or documentation to the detriment of the producing party or for any other business or financial benefit of the individual.

15. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise required by legal process to disclose confidential information, it shall immediately notify the opposing party and provide it with an opportunity to object prior to any disclosure.

16. Any individual or entity who becomes a party to this action after the entry of this Order may become a party to this Order by having its counsel sign and date a copy of this Order, file it with the Court, and serve the signed copy on the other parties to this Order.

17. No party may amend this Order in any manner whatsoever except by an agreement in writing signed by counsel of record for each party and adopted by Order of this Court while it has jurisdiction.

18. This Order will remain in effect until one year after litigation ends, including any appeal. Thereafter, the obligations imposed shall continue but shall be governed by The Federal Records Act, 44 U.S.C. §§ 3301 & 3302. Upon termination of this case, the parties shall return to their respective counsel all confidential documents, material, and

deposition transcripts, along with any copies of those materials. Alternatively, the parties may destroy the materials. Counsel for the parties may retain Confidential Information in their files, subject to this Order.

    So Ordered.

*DPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

21 June 2023
- 8 -

deposition transcripts, along with any copies of those materials. Alternatively, the parties may destroy the materials. Counsel for the parties may retain Confidential Information in their files, subject to this Order.

    So Ordered.

*DPMarshall Jr.*

D.P. Marshall Jr.
United States District Judge

21 June 2023

**AGREED AND APPROVED FOR ENTRY:**

Pamela B. Dixon
AR Bar No. 95085
Jennifer C. Bearden
AR Bar No. 2013027

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
820 Louisiana Street, Suite 200
Little Rock, AR 72201
T: (501) 900-6145
T: (501) 900-6158
F: (501) 324-5991
Email: pamela.dixon@eeoc.gov
Email: jennifer.bearden@eeoc.gov

    Counsel for Plaintiff

Mark Mayfield
WOMACK PHELPS PURYEAR
MAYFIELD & MCNEIL, P.A.
P.O. Box 3077
Jonesboro, AR 72403-3077
mmayfield@wpmfirm.com

    Counsel for Defendant

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, on behalf of himself or herself or as the authorized representative of the entity named below, hereby states that he or she has received a copy of the Protective Order entered in the matter of *Equal Employment Opportunity Commission v. Ranger Tool & Die, Inc.*, Case No. 3:22-cv-247-DPM in the United States District Court for the Eastern District of Arkansas, Northern Division. The undersigned agrees that he or she individually or the entity named below will be bound by the Protective Order regarding all confidential documents in the above- referenced action. The undersigned further agrees that he or she will not retain any copies of confidential documents in the above-referenced action.

_____    _____
Print Name                                                                Date

_____
Sign Name

_____    _____
Entity                                                                          Date

By: _____

_____
Title

**EXHIBIT A**