IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION                                          PLAINTIFF

v.                            No. 3:22-cv-247-DPM

RANGER TOOL & DIE, INC.                                         DEFENDANT

ORDER

The EEOC and Ranger Tool have filed several motions *in limine*. Ranger Tool also moves to introduce evidence under Federal Rule of Evidence 412. Here are the Court's rulings.

1. **Prior Employment.** The EEOC's motion, *Doc. 52*, is denied without prejudice. The bar for relevant evidence is "extremely low." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 396 (8th Cir. 2016). Assuming Ranger Tool can clear it, the Court will need to hear more before it can balance the probative value and prejudicial effect of any specifics in the claimants' work history. Fed. R. Evid. 401–403. General testimony will probably be fine.

2. **Derogatory Comments.** The EEOC's motion, *Doc. 54*, is granted as modified. Derogatory jabs about the federal government, including the EEOC and its lawyers, aren't relevant. Fed. R. Evid. 401. They're excluded. But this is a narrow ruling. Relevant evidence—notwithstanding the light it casts—is fair game if it can survive

Rule 403. The parties, lawyers, and witnesses must use good judgment and common sense here.

3. **Female Employees' Opinions.** The EEOC's motion, *Doc. 56*, is denied. What Ranger Tool's other female employees saw and heard is unquestionably relevant in this Title VII case. As to opinion evidence, the Court will follow Rule 701.

4. **Medical Records.** The EEOC's motion, *Doc. 58*, is denied without prejudice. The EEOC seeks to exclude the claimants' medical records out of "an abundance of caution." *Doc. 59 at 2*. Ranger Tool responds that it's not interested in enhancing any damages, and that it's willing to work with the EEOC to iron out its concerns before trial. *Doc. 87 at 2*. The Court encourages the parties to do so.

5. **Criminal History.** The EEOC's motion to exclude evidence of Collin Sellers's criminal history, *Doc. 67*, is granted without objection. No party has identified anyone else's criminal history that it seeks to exclude. The Court will handle those issues at trial if necessary.

6. **Lynda Fier's Testimony.** The EEOC's motion, *Doc. 69*, is denied without prejudice. Most of its concerns about Fier's testimony are moot. Ranger Tool isn't challenging the conciliation process or the administrative prerequisites to filing suit. *Doc. 80 at 1*. And the Court can't resolve the EEOC's concerns about hearsay and lack of foundation

until it understands why Ranger Tool intends to call Fier, which isn't clear yet.

7. **Sexual Behavior.** Ranger Tool's motion, *Doc. 60*, is partly granted and partly denied. Debra Simpkins's workplace behavior and remarks are fair game. *Wilson v. City of Des Moines*, 442 F.3d 637, 643 (8th Cir. 2006); *Beard v. Flying J, Inc.*, 266 F.3d 792, 801 (8th Cir. 2001). Her behavior off the clock is excluded. Debra's Facebook posts include two photographs that she took of herself wearing low-cut shirts and two "memes" that referenced sex. *Doc. 60* (Exhibits D–G). She posted all four images *after* Ranger Tool fired her in July 2021. The probative value here—whether she invited sexual conduct from her coworkers—is nominal. But the risk of embarrassment, sexual stereotyping, and infusing sexual innuendo into the trial is high. Fed. R. Evid. 412(b)(2) & 1994 Addition to Advisory Committee Notes.

8. **Supplemental Production.** The EEOC's motion, *Doc. 71*, is partly granted and partly denied. The grant: Ranger Tool has known about the conveyor belt photos since August 2024 but hasn't given a solid reason for the untimely production. The discovery period is closed; and the EEOC can't question any witnesses about these photos before trial. Exclusion is therefore "automatic" under Federal Rule of Civil Procedure 37(c)(1) unless the late disclosure is harmless or substantially justified. *Vanderberg v. Petco Animal Supplies Stores, Inc.*,

906 F.3d 698, 704–05 (8th Cir. 2018). That said, some photographs of an exemplar conveyor would probably be helpful to the jury. Please collaborate toward that end. *See* Fed. R. Evid. 107. The denial: The Court has resolved the scuffle over Debra's Facebook posts, so that slice is denied without prejudice.

9. **Omnibus Motions.** Ranger Tool's motions, *Doc. 62 & 63*, are mostly granted without objection. They're denied as to the "victim" issues, which are opposed. *Doc. 73*. The Court will not police the parties' word choices. Plus, Ranger Tool's arguments here are at odds with its motion to present evidence under Federal Rule of Evidence 412, *Doc. 60*. That rule applies in civil cases. Fed. R. Evid. 412(b)(2). And in the Title VII context, "evidence of an *alleged victim's* particular behavior in the workplace may be probative of welcomeness." *Wilson*, 442 F.3d at 643 (emphasis added).

10. **Damages.** Ranger Tool's motion to exclude evidence of the claimants' compensatory damages, *Doc. 65*, is denied. The company hasn't provided the Court with the EEOC's supposedly insufficient damages calculations. But even assuming the calculations were deficient, the Court is satisfied that any error was harmless. Fed. R. Civ. P. 37(c)(1). As to backpay, Ranger Tool takes issue with the EEOC's proof, but then dissects that proof in detail. *Doc. 66 at 1*. As best the Court can tell, Ranger Tool's dissatisfaction is with the EEOC's math,

not its evidence. Each claimant explained their non-pecuniary damages on deposition. *Doc. 45-1 at 54–56* (Debra Simpkins); *Doc. 45-4 at 47* (Hannah Simpkins); *Doc. 45-6 at 21* (Collin Sellers). And each claimant's total damages are capped at $50,000. 42 U.S.C. § 1981a(b)(3)(A). The Court sees no surprises here. *Rodrick v. Wal-Mart Stores East, L.P.*, 666 F.3d 1093, 1097 (8th Cir. 2012).

*   *   *

The motions *in limine* — Doc. 52, 54, 56, 58, 62, 63, 65, 67, 69 & 71 — are partly granted and partly denied, all as specified. Ranger Tool's motion to offer evidence under Federal Rule of Evidence 412, *Doc. 60*, is partly granted and partly denied for the reasons stated.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

29 April 2025