IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISION                                    PLAINTIFF

v.                          No. 3:22-cv-247-DPM

RANGER TOOL & DIE, INC.                                  DEFENDANT

## JUDGMENT

1.  The Court confirms its pretrial ruling and enters judgment for Ranger Tool & Die, Inc. on the Equal Employment Opportunity Commission's claim that Hannah Simpkins was subjected to a hostile work environment.

2.  The EEOC's remaining legal claims were tried in Jonesboro to a twelve-person jury from 11 August 2025 to 15 August 2025. The EEOC's equitable claims were tried to the Court at the same time. After deliberations, the jury returned unanimous verdicts on each claim. The Court attaches and incorporates those verdicts.

3.  The Court enters judgment on the jury's verdicts:

    - Ranger is entitled to judgment on the EEOC's claim that Debra Simpkins was subjected to a hostile work environment;

    - The EEOC is entitled to judgment against Ranger on the claim that Ranger retaliated against Debra;

- The EEOC is entitled to judgment against Ranger on the claim that Ranger retaliated against Hannah; and

- The EEOC is entitled to judgment against Ranger on the claim that Ranger retaliated against Collin Sellers.

4. The Court awards the EEOC, on behalf of Debra, $2.17 ($1.17 of lost wages and $1.00 in other damages). The Court awards the EEOC $2.17 on behalf of Sellers ($1.17 of lost wages and $1.00 in other damages). The Court awards the EEOC compensatory damages of $2,215.53 on behalf of Hannah ($1,547.53 in lost wages and $668.00 in other damages). Each lost wages award includes prejudgment interest from the date the employee was fired through today at 3.64%, compounded annually. The total amount awarded to the EEOC for the claimants is $10,217.92.

5. The EEOC is entitled to costs. Fed. R. Civ. P. 54(d)(1). The Court awards $7,998.05.

6. This Judgment shall bear interest at 3.64%.

7. Based on the record as a whole, and as agreed by the parties in principle, the Court awards the EEOC the following equitable relief against Ranger:

- The Court enjoins Ranger from retaliating against any employee because he or she reports or complains about sexual harassment, or a sexually hostile work environment, that the employee experienced or witnessed while working at Ranger's Paragould, Arkansas facility.

- Within thirty days of this Judgment, Ranger will create and thereafter maintain a written Title VII anti-retaliation policy, which, at minimum, must include the following:

    - A statement that Ranger does not condone and expressly prohibits Title VII retaliation in any form;

    - A clear explanation of prohibited conduct; and

    - A clear explanation of Ranger's complaint process for reporting any harassment or retaliation.

- Within one-hundred-eighty days of this Judgment, Ranger must provide at least two live, in-person Title VII retaliation trainings lasting no less than one hour each.  One training must be for its supervisory and managerial employees.  The second training must be for other employees.  The trainings must be tailored for each group.  Each training will be on the clock at Ranger's facility in Paragould.  Ranger must make the trainings mandatory.  The trainings must cover, at a minimum, the following:

    - Workplace policies against retaliation; and

    - Workplace procedures and responsibilities for reporting, investigating, and remedying retaliation.

- Ranger must provide a qualified, EEO-credentialed professional who is certified to administer trainings on Title VII.  Ranger must provide or make available any written training materials printed in the primary language of its attending employees.  Within ninety days of this Judgment, Ranger must provide the EEOC with a copy of all the

materials and all the required training-related documentation.

- Within seven days of this Judgment, Ranger must post notice of its anti-retaliation policy in a visible and prominent location at its Paragould facility. Ranger must keep this notice posted for one year from the date of this Judgment. The Court attaches and incorporates the agreed notice.

- In the event that the EEOC alleges that Ranger has violated any term of the equitable relief awarded by this Judgment, before exercising any remedy provided by law, the EEOC must give Ranger notice of the alleged violation. Ranger shall have thirty days in which to investigate and respond to the allegation. Thereafter, the parties will have a period of thirty days, or any additional period as may be agreed by them, to negotiate and confer regarding the allegation, before the EEOC seeks any remedy provided by law.

- The Court retains jurisdiction for two years from today to enforce the equitable relief awarded to the EEOC in this Judgment against Ranger.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

30 September 2025

```
        U.S. DISTRICT COURT
    EASTERN DISTRICT ARKANSAS
              FILED
          AUG 1 5 2025
           IN OPEN COURT
      TAMMY H. DOWNS, CLERK
    By: _____
              DEPUTY CLERK
```

# VERDICTS

## SEXUAL HARASSMENT: DEBRA SIMPKINS

1. On Debra Simpkins's sexual harassment claim against Ranger Tool & Die, as submitted in Instruction No. 7, we find for:

   _____ Debra Simpkins
   \_\_\_✓\_\_\_\_\_ Ranger Tool & Die

**If you found for Debra Simpkins in Question 1, then answer Questions 2 and 3. If you found for Ranger Tool & Die in Question 1, then your deliberations on this issue are done. Your foreperson should date and sign the verdict on this issue.**

2. As a direct result of Ranger Tool & Die's conduct, as submitted in Instruction No. 16, we find Debra Simpkins's compensatory damages to be:

   - Lost wages (including overtime) and bonuses through the date of this verdict: $_____

   - Other damages, excluding lost wages (including overtime) and bonuses: $_____

   If you find Debra Simpkins suffered damages, but they have no monetary value, then enter $1.00.

3. We assess punitive damages against Ranger Tool & Die, as submitted in Instruction No. 17, in the amount of:
   $_____

**Please sign and date this form.**

_____[signature]_____        ___8/15/25_____
　　　　Foreperson　　　　　　　　　　　　　　　　　Date/time

## RETALIATION: DEBRA SIMPKINS

1. On Debra Simpkins's retaliation claim against Ranger Tool & Die, as submitted in Instruction No. 9, we find for:

   _____✓_____ Debra Simpkins
   _____ pm _____ Ranger Tool & Die

**If you found for Debra Simpkins in Question 1, then answer Questions 2 and 3. If you found for Ranger Tool & Die in Question 1, then your deliberations on this issue are done. Your foreperson should date and sign the verdict on this issue.**

2. As a direct result of Ranger Tool & Die's conduct, as submitted in Instruction No. 16, we find Debra Simpkins's compensatory damages to be:

   - Lost wages (including overtime) and bonuses through the date of this verdict: $____1.00____

   - Other damages, excluding lost wages (including overtime) and bonuses: $____1.00____

   If you find Debra Simpkins suffered damages, but they have no monetary value, then enter $1.00.

3. We assess punitive damages against Ranger Tool & Die, as submitted in Instruction No. 17, in the amount of:
   $____0____

**Please sign and date this form.**

_____     ____8/15/25_____
Foreperson                                                          Date/time

## RETALIATION: HANNAH SIMPKINS

1. On Hannah Simpkins's retaliation claim against Ranger Tool & Die, as submitted in Instruction No. 10, we find for:

    ____✓____ Hannah Simpkins
    ____—  pm____ Ranger Tool & Die

**If you found for Hannah Simpkins in Question 1, then answer Questions 2 and 3. If you found for Ranger Tool & Die in Question 1, then your deliberations on this issue are done. Your foreperson should date and sign the verdict on this issue.**

2. As a direct result of Ranger Tool & Die's conduct, as submitted in Instruction No. 16, we find Hannah Simpkins's compensatory damages to be:

    - Lost wages (including overtime) and bonuses through the date of this verdict: $ 1,332.00

    - Other damages, excluding lost wages (including overtime) and bonuses: $ 668.00

    If you find Hannah Simpkins suffered damages, but they have no monetary value, then enter $1.00.

3. We assess punitive damages against Ranger Tool & Die, as submitted in Instruction No. 17, in the amount of:
    $ 0

**Please sign and date this form.**

_____    _____8/15/25_____
Foreperson                          Date/time

## RETALIATION: COLLIN SELLERS

1. On Collin Sellers's retaliation claim against Ranger Tool & Die, as submitted in Instruction No. 11, we find for:

    _____✓_____ Collin Sellers
    _____ Ranger Tool & Die

**If you found for Collin Sellers in Question 1, then answer Questions 2 and 3. If you found for Ranger Tool & Die in Question 1, then your deliberations on this issue are done. Your foreperson should date and sign the verdict on this issue.**

2. As a direct result of Ranger Tool & Die's conduct, as submitted in Instruction No. 16, we find Collin Sellers's compensatory damages to be:

    - Lost wages (including overtime) and bonuses through the date of this verdict: $_____1.00_____

    - Other damages, excluding lost wages (including overtime) and bonuses: $_____1.00_____

    If you find Collin Sellers suffered damages, but they have no monetary value, then enter $1.00.

3. We assess punitive damages against Ranger Tool & Die, as submitted in Instruction No. 17, in the amount of:
    $_____0_____

**Please sign and date this form.**

_____          ____8/15/25_____
Foreperson                                   Date/time



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Memphis District Office**

200 Jefferson Ave, Suite 1400
Memphis, TN 38103
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Memphis Direct Dial: (901) 685-4590
FAX (901) 544-0111
Website: www.eeoc.gov

# NOTICE TO ALL EMPLOYEES

1. Ranger Tool & Die posts this notice pursuant to an injunction order in the case, *EEOC v. Ranger Tool and Die*, Civil Action No. 3:22-cv-00247 (E.D. Arkansas).

2. Title VII of the Civil Rights Act of 1964, as amended, (Title VII), requires an employer to maintain a workplace free from retaliation.

3. Title VII prohibits discrimination against any individual because he or she has opposed any practice made an unlawful employment practice or because he or she has made a charge, testified or participated in an investigation or hearing. Ranger does not tolerate or condone retaliation against any employee.

4. Retaliation violates company policy, as well as federal law. Violations of Ranger's policy by anyone employed by Ranger shall result in disciplinary action up to and including termination. Ranger supports and shall comply with Title VII.

5. The United States Equal Employment Opportunity Commission (EEOC) enforces the federal laws against discrimination and retaliation. If you believe you have been discriminated against or experienced retaliation, you may contact the EEOC at 1-800-669-4000, 1-800-669-6820 (TTY for deaf/hard of hearing callers only), in addition to any communications you may have with management following company policy.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.** This notice shall remain posted for one year from the entry of the Injunction Order referenced in paragraph no. 1.

Ranger Tool & Die, Inc.

_____     Date:_____